Xuan Li ZHENG, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 00–71085.
I & NS No. A73–436–848.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2002.

Decided June 3, 2002.

Before TROTT, T.G. NELSON, Circuit Judges, and RHOADES,* District Judge.

## MEMORANDUM **

■ Xuan Li Zheng ("Zheng"), a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying her motion to reopen as untimely pursuant to 8 C.F.R. § 3.2(c)(2). Zheng has been represented by four different attorneys at each stage of the proceedings. Zheng's main allegation appears to be that the alleged ineffective assistance of her second attorney resulted in a series of missteps that caused the motion to reopen to be filed late. Zheng also attempts to bring up her underlying asylum claim based on her parents selling her into forced marriage (which was before the IJ) as well as a claim under the United Nations Convention Against Torture ("Torture Convention") (which was never adjudicated on the merits due to untimely filings). However, the only issue raised by the BIA's denial of Zheng's motion to reopen is the untimeliness of that motion, which was undisputably late and does not qualify for any exceptions. Therefore, we do not have jurisdiction to consider the actual merits of the underlying asylum claim or her request for relief under the Torture Convention, as they were not decided by the BIA in denying the motion to reopen as untimely. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996). We deny the petition.

The BIA's denial of a motion to reopen is reviewed for an abuse of discretion. *See Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999). "Unless the BIA acted arbitrarily, irrationally, or contrary to law, we should not disturb the BIA's ruling." *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000) (internal quotation marks and citation omitted). Claims of due process violations in INS proceedings are reviewed de novo, and the BIA's decision will be reversed on due process grounds if the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (internal quotation marks and citation omitted). An alien is also required to show prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation. *Id.*

The only matter before us is the BIA's denial of the motion to reopen, which was undisputably filed over nine months late, on April 18, 2000. 8 C.F.R. § 3.2(c)(2) provides that a motion to reopen must be filed no later than 90 days after the date of the BIA decision, which was March 19, 1999. Additionally, the filing deadline for the Torture Convention claim was June 21, 1999, pursuant to 8 C.F.R. § 208.18(b)(2)(I).

■ Zheng implicitly claims that her late filing was due to the ineffective assistance of her second attorney for filing a Notice of Appeal with the BIA with

---

* The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Zheng's consent, and then failing to file a supporting brief, which necessitated summary dismissal.[1] Zheng alleges that this violated her Fifth Amendment due process rights, and that prejudice is presumed. Additionally, as a result, she was denied the opportunity to file her Torture Convention claim.

Zheng has not complied with the requirements for proving ineffective assistance of counsel, as set forth in *Matter of Lozada,* 19 I & N Dec. 637, 639 (BIA 1988) and adopted by the Ninth Circuit in *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000). To meet the *Lozada* requirements, an alien must support her claim with: (1) an affidavit by the alien setting forth the agreement with counsel regarding the alien's representation; (2) evidence that counsel was informed of the allegations and allowed to respond; and (3) an indication that a complaint has been lodged with the bar, or reasons explaining why not. *Lata,* 204 F.3d at 1246. The purpose of these requirements is to provide a basis for evaluating "the substantial number of claims of ineffective assistance of counsel that come before the Board" and providing a "mechanism ... for allowing former counsel, whose integrity or competence is being impugned, to present his version of events if he so chooses, thereby discouraging baseless allegations." *Lozada,* 19 I & N Dec. at 639. Here, Zheng never filed an affidavit setting forth the agreement with her counsel regarding the representation.

In some instances, failure to comply with the *Lozada* requirements is not necessarily fatal to a motion to reopen, based on the underlying rationale that when the facts are "plain on the face of the adminis-

trative record" there is no need for an affidavit. *Castillo–Perez v. INS,* 212 F.3d 518, 525 (9th Cir.2000) (citing *Escobar–Grijalva v. INS,* 206 F.3d 1331, 1335 (9th Cir.2000)). Here, the facts are not plain on the face of the record, and therefore an affidavit was necessary.

PETITION DENIED.

---

1. Zheng contends that an attorney's ineffective assistance of counsel is an "exceptional circumstance" within the meaning of INA 242(B)(f)(2), 8 U.S.C. § 1229a(e)(1). "The term 'exceptional circumstances' refers to exceptional circumstances (such as serious ill-ness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1).