Xuan Li ZHENG, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73656.

Agency No. A73–436–848.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2004.

Decided Feb. 24, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Brian Conry, Esq., Portland, OR, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA; and District Counsel, Office of the District Counsel, Department of Homeland Security, Portland, OR, Linda S. Wernery, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOULD, PAEZ, Circuit Judges, and SILVER,* District Judge.

MEMORANDUM**

This petition for review arises from the Board of Immigration Appeals's (BIA) denial of Petitioner Xuan Li Zheng's motion to reopen her asylum application. Zheng illegally fled China, with the help of a Chinese smuggling group known as the "Snakeheads," purportedly to avoid an arranged marriage. She was immediately detained in May 18, 1998 upon her illegal entry to the United States, but through a series of proceedings has remained in the United States, and since August 11, 2000, has been released from detention. This petition arises as follows: On July 26, 2003, Zheng moved the BIA to reopen her asylum application.[1] The BIA summarily denied the application, stating that "[al]though the respondent cites changes in her personal circumstances, she does not allege changed circumstances in China." The BIA viewed Zheng's changed personal circumstances as that "she has not made any attempt during the last two years to pay the fees she owes to the [Snakeheads]." If no material changed country circumstances were alleged, as the BIA concluded, the motion to reopen was untimely. Thus, the BIA denied reopening relief. Zheng petitions for review.

The denial of a motion to reopen is a final administrative decision subject to our judicial review. *See Sarmadi v. INS*, 121 F.3d 1319, 1321 (9th Cir.1997). We review the BIA's denial of a motion to reopen for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

A motion to reopen to apply or reapply for asylum or withholding may be filed at any time if it is based on changed country conditions that could not have been discovered or presented at the prior hearing. 8 C.F.R. § 1003.2(c)(3)(ii); 8 U.S.C. § 1229a(c)(6)(C)(ii). In addition, a motion to reopen must demonstrate prima facie eligibility for the underlying substantive relief requested. *See INS v. Wang*, 450 U.S. 139, 145, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam).

Here, we go no further than to assess the first step. Based on our reading of the administrative record, we have concluded that the BIA did not fairly address

---

* The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Her initial petition for asylum was filed June 3, 1998. An IJ denied relief on August 24, 1998. The BIA affirmed, concluding she had failed to show that China would not intervene to stop a forced marriage. She did not petition for review. Zheng moved to reopen on April 18, 2000 with a Convention Against Torture claim that was rendered timely because of alleged prior ineffective assistance of counsel. The BIA, finding no ineffective assistance of counsel, denied the motion. Zheng petitioned for review, and we affirmed. *Zheng v. Ashcroft*, 36 Fed.Appx. 301 (9th Cir. 2002) (unpublished).

Zheng's arguments. The record shows that Zheng explicitly alleged changed country conditions, through her motion papers and its supporting documentation, which included a letter submitted by Dr. Dean Rojek.[2] The written opinion of Dr. Rojek, as pertinent to a claim of changed country conditions, expressly asserts that

[t]he deportation of the petitioner at this particular time when the "strike-hard" campaign is being waged in China clearly places the petitioner at grave risk. She exited the country without permission, sought assistance from the Snakeheads, a criminal smuggling syndicate, and is now being publically deported. A deportation order would be considered a final insult to China's "strike hard" policy and the penalty for these multiple transgressions would be severe.

Dr. Rojek also stated that "the Chinese have instituted a new policy of 'staying at prison employment'" where "[t]he Chinese authorities are denying permission to inmates to return to their homes as having served their sentences." Dr. Rojek concluded that "[t]he petitioner would very likely be seen a flight risk and a candidate for 'staying at prison employment.' Thus, she would be held at a correctional facility even after serving her correctional sentence." As we read the record, Zheng's evidence presented with her motion to reopen asserts[3] the existence of two allegedly new[4] policies that, if credited, demonstrate changed country conditions.[5] The Government, at oral argument, conceded that our reading of the record was correct: Zheng provided evidence of changed country conditions, and the BIA did not address that evidence.

This evidence was in the motion to reopen and the BIA did not address it.[6] This is an abuse of discretion. *See, e.g., Arrozal v. INS*, 159 F.3d 429, 433–34 (9th Cir.1998) ("The BIA abuses its discretion when it 'fails to state its reasons and show proper consideration of *all* factors when weighing equities and denying relief' . . . . The BIA must indicate how it weighed [the

2. An unsworn letter can be used as evidence before the BIA, which does not have to follow the conventional evidence rules. The tests for admissibility are fundamental fairness and probativeness. *See, e.g., Martin–Mendoza v. INS*, 499 F.2d 918, 921 (9th Cir.1974). Also, in the letter, Dr. Rojek offered to swear to the contents if necessary. So we see no evidentiary barrier to the BIA's consideration of Dr. Rojek's opinions as they relate to Zheng's motion.

3. At this point, we do not evaluate the relative merit of Zheng's evidence of changed country conditions, whether it is material, or whether it could have been presented with her first asylum application (contrary to the suggestion of Dr. Rojek). We only hold that the BIA abused its discretion by failing to consider Zheng's possible evidence of changed country conditions.

4. The policies are alleged to be new in the sense that Dr. Rojek suggests that these policies were not in effect at the time the IJ and BIA addressed Zheng's initial asylum application. We also note that the State Department Country Report in the record refers to 2000 as the year the so-called "Strike Hard" policy was initiated.

5. We decline to evaluate at this stage whether these asserted changed conditions are material as Dr. Rojek's statement might suggest. Unless and until the BIA has addressed these asserted changes, we will not comment on their accuracy or materiality. On remand, the BIA is free to consider whatever evidence is appropriate on these issues.

6. Although the BIA did not address the evidence submitted by Zheng in the Rojek letter supporting her claim of changed country conditions, the Government attempts to do so now in this appeal. This it may not do, as we are constrained to review only the reasons the *agency* gave for its decision, not the post hoc justifications advanced in an appeal. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1760, 332 U.S. 194 (1947) (a reviewing court may not affirm an agency ruling for reasons not articulated by the agency).

favorable and unfavorable] factors and indicate with specificity that it heard and considered petitioner's claims.") (internal citations omitted). Although the BIA gave a reason for denial of relief, that the only circumstances of change were personal, not country changes, that reason was inadequate in light of the explicit submissions to the BIA.

We conclude that the BIA abused its discretion by failing to consider Zheng's evidence of changed country conditions. We conclude that the BIA was obligated to evaluate Zheng's submissions, and to provide a valid explanation if it rejected them, before deciding whether to grant the motion to reopen. We grant the petition and remand for further consideration in light of this disposition.

**PETITION GRANTED AND REMANDED.**