# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

JUAN SOBERANES,

        Petitioner - Appellant,

v.

MICHAEL COMFORT, Acting
District Director, et al.,

        Respondents - Appellees.

03-1388

## ORDER
**November 3, 2004**

Before **TACHA** , Chief Judge,  **MURPHY** , Circuit Judge, and  **CAUTHRON** ,<sup>*</sup> Chief District Judge.

      Appellees' motion to publish the order and judgment dated September 21, 2004, is granted.  A copy of the published opinion is attached.

                            Entered for the Court
                            Patrick Fisher, Clerk of Court

                            By:
                                  Amy Frazier
                                  Deputy Clerk

---

<sup>*</sup>    The Honorable Robin J. Cauthron, Chief District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 21 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JUAN SOBERANES,

        Petitioner-Appellant,

v.

MICHAEL COMFORT, Acting
District Director, United States
Immigration and Naturalization
Service, Denver, Colorado; JOHN
ASHCROFT, United States Attorney
General,

        Respondents-Appellees.

No. 03-1388

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 02-D-1564 (OES))**

---

Submitted on the briefs:

Patrick C. Hyde of Patrick C. Hyde, P.C., Denver, Colorado, for Petitioner-Appellant.

John W. Suthers, United States Attorney, Nina Y. Wang, Assistant United States Attorney, Denver, Colorado, for Respondents-Appellees.

Before **TACHA**, Chief Judge, **MURPHY**, Circuit Judge, and **CAUTHRON**,[*] Chief District Judge.

---

**CAUTHRON**, Chief District Judge.

---

Petitioner Juan Soberanes is in custody pending the execution of a 1996 deportation order that he never appealed to the Bureau of Immigration Appeals (BIA). Currently that order is, indirectly, the subject of a petition for review in the U.S. Court of Appeals for the Ninth Circuit, filed by petitioner following the denial of a subsequent motion to reopen. Petitioner also filed a habeas petition in the federal district court for Colorado challenging his deportation proceeding and attendant confinement. He now appeals the denial of that petition. We deny relief for three basic reasons, each relating to a distinct group of issues. First, challenges to the unappealed deportation order are not properly before us: if never brought before the BIA, they are unreviewable for failure to exhaust administrative remedies; if exhausted by the motion to reopen, they are subject to direct review in the Ninth Circuit and procedurally barred here. Second, as to petitioner's broader challenges to the immigration statutory scheme, which are outside the scope of administrative review and, hence, unaffected by exhaustion

---

[*] The Honorable Robin J. Cauthron, Chief District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

concerns, we agree with the district court that the challenges are meritless. Finally, as to confinement, petitioner has failed to identify any error in the district court's determination that he has been properly confined while awaiting resolution of his various legal challenges to deportation.

A brief elaboration on the relevant procedural facts will suffice to frame the dispositive issues on appeal. Petitioner, a native of Peru, illegally entered the United States in January 1990. He applied for asylum in California four years later. In August 1996, an immigration judge (IJ) denied asylum and ordered petitioner deported, but granted him a voluntary departure by September 23, 1996. Petitioner did not appeal to the BIA, nor did he voluntarily depart, and his deportation order became final when the time for administrative appeal expired. *See Onwuneme v. INS*, 67 F.3d 273, 276 (10th Cir. 1995).[1]

In early 2001, petitioner applied for adjustment of status based on marriage to a U.S. citizen. When he appeared for an interview in California in July 2002, he was taken into custody for execution of the extant deportation order. He filed a motion to reopen the deportation proceeding, which the IJ denied as untimely. After the BIA summarily affirmed that ruling, he filed a petition for review in the

---

[1] Because the deportation order became final before October 30, 1996, it is governed by the law in effect prior to passage of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). *See generally Jurado-Gutierrez v. Greene*, 190 F.3d 1135, 1143 (10 th Cir. 1999).

Ninth Circuit, which is still pending. In the meantime, he was transferred to Colorado, where he filed a habeas petition seeking release from custody on various grounds, some involving the merits of his administrative proceedings. The district court denied the petition and this appeal followed.[2]

### Specific Challenges to Deportation/Asylum Determination
### (Failure to Exhaust and Procedural Bar)

Neglecting to take an appeal to the BIA constitutes a failure to exhaust administrative remedies as to any issue that could have been raised, negating the jurisdiction necessary for subsequent judicial review. *Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999) (following *Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991)). While we have thus far had occasion to apply this exhaustion rule only in the context of petitions for review, we see no reason for excepting habeas proceedings–traditionally constrained by exhaustion principles in other contexts–from its natural reach. Many circuits, applying the exhaustion requirement that was contained in 8 U.S.C. § 1105a(c) (repealed) prior to passage of IIRIRA and is now contained in 8 U.S.C. 1252(d)(1),[3] have held the failure to

---

[2]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[3]    Section 1105a(c) directed that "[a]n order of deportation . . . shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations." IIRIRA

(continued...)

exhaust issues before the BIA bars judicial review through habeas just as it does through a petition for review. *See, e.g.*, *Sun v. Ashcroft*, 370 F.3d 932, 937-41 (9th Cir. 2004) (applying § 1252(d)(1)'s exhaustion requirement in accord with four other circuits); *Kurfees v. United States INS*, 275 F.3d 332, 335-37 (4th Cir. 2001) (applying § 1105a(c)'s exhaustion requirement); *Correa v. Thornburgh*, 901 F.2d 1166, 1171 (2d Cir. 1990) (same). Following that accepted view, we lack jurisdiction to review the unappealed deportation order issued by the IJ in 1996.

This jurisdictional prohibition extends not only to substantive issues, but to constitutional objections that involve "administratively correctable procedural errors, even when those errors are failures to follow due process." *Akinwunmi*, 194 F.3d at 1341 (quotation omitted). Thus, petitioner's complaints about omissions by counsel and associated inadequacies in his evidentiary and review proceedings fall within the prohibition. *Id.*; *Baria v. Reno*, 94 F.3d 1335, 1340 (9th Cir. 1996). We note, however, that the means for administratively correcting an instance of ineffective assistance of counsel is a motion to reopen, *id.*, and petitioner did eventually pursue this avenue through appeal to the BIA. Thus, we

---

[3](...continued)
replaced § 1105a(c) with § 1252(d)(1), which directs that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."

turn to the question whether the disposition of that motion is subject to collateral habeas review when direct review was also available–indeed, is pending in another circuit.  At this point, our analysis shifts from administrative exhaustion to procedural bar.  *See Latu v. Ashcroft*, 375 F.3d 1012, 1017 (10th Cir. 2004) (distinguishing two procedural concepts); *see also Akinwale v. Reno,* 216 F.3d 1273, 1279 n.11 (11th Cir. 2000); *cf. Laing v. Ashcroft*, 370 F.3d 994, 997-98 (9th Cir. 2004) (identifying same distinct procedural bar issue, separate from principle of administrative exhaustion, though referring to it in circuit's unique vernacular as "prudential" requirement of "exhaustion of judicial remedies").

"Generally, a habeas petition cannot be used to substitute for direct appeal." *Latu*, 375 F.3d at 1012.  Consequently, an alien subject to deportation may not bypass available direct review in the court of appeals in favor of a collateral habeas attack in the district court.  *Duran-Hernandez v. Ashcroft*, 348 F.3d 1158, 1162 (10th Cir. 2003).  But by the same token, if an alien raises issues that would fall outside the jurisdictional scope of a petition for review, "he has not failed to seek an *available* judicial remedy, and he is not procedurally barred from habeas review in the district court." *Latu*, 375 F.3d at 1017 (approving habeas review of removal based on alien's status as aggravated felon, direct review of which is barred under 8 U.S.C. § 1252(a)(2)(C)) (emphasis added).  The ineffective assistance/due process issues raised here could have been (and perhaps

are being) pursued in a petition for review from the denial of petitioner's motion to reopen.[4]  *See, e.g.*, *Siong v. INS*, 376 F.3d 1030, 1035-36 (9th Cir. 2004); *Arreaza-Cruz v. INS*, 39 F.3d 909, 912 (9th Cir. 1994).  Accordingly, the matter is not properly before us in this habeas proceeding.

### Constitutional Challenges to Deportation Statutes

Petitioner's broad constitutional challenges to deportation statutes are on a different footing.  "Courts have carved out an exception to the exhaustion requirement for constitutional challenges to the immigration laws, because the BIA has no jurisdiction to review such claims."  *Akinwunmi*, 194 F.3d at 1341.  With exhaustion constraints thus removed, petitioner's statutory challenges are unaffected by his failure to appeal the IJ's deportation order or by any procedural infirmity in his later motion to reopen.  Moreover, unlike the petition for review in the Ninth Circuit, which is limited to the motion to reopen, *Boudaguian v. Ashcroft*, 376 F.3d 825, 827 (8th Cir. 2004), our habeas review can encompass

---

[4]      It is not clear whether petitioner has actually satisfied the conditions for such review–in particular, the denial of his motion to reopen as untimely may, if upheld, mean that it did not serve to exhaust the substantive issues raised.        *See Taniguchi v. Schultz*, 303 F.3d 950, 955 (9 th Cir. 2002) (holding citizenship claim, raised in untimely motion to reopen, barred for failure to exhaust);        *Zheng v. Ashcroft*, 36 Fed. Appx. 301, 302 (9   th Cir. June 3, 2002) (unpub.) (making same point more explicitly).  But recognizing this contingency does not aid petitioner here.  If it occurs, the procedural bar noted above would simply be replaced with an exhaustion deficiency that, as we have seen, also precludes habeas relief.

statutory challenges that relate directly to the initial determination of asylum and deportation.

These challenges were, however, properly rejected on the merits by the district court. As it recognized, petitioner's constitutional objections to 8 U.S.C. § 1231(a)(5) are simply inapposite. The statute deals with summary reinstatement of removal orders when "an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal." Petitioner did not leave the country under the 1996 deportation order. Thus, when he was taken into custody in 2002, a previously executed order was not reinstated; rather, a pending order was enforced.

Petitioner also challenged the retroactive application of 8 U.S.C. § 1229b, which specifies conditions for cancellation of removal that are stricter than those specified in 8 U.S.C. § 1254(a)(1) (repealed) for suspension of deportation, the pre-IIRIRA equivalent. The district court correctly held this challenge foreclosed by circuit precedent. *See Lockett v. INS*, 245 F.3d 1126, 1129 (10th Cir. 2001).

### Challenge to Detention

Challenges to immigration detention are properly brought directly through habeas. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001). And the exhaustion deficiencies we have noted in other respects do not affect habeas jurisdiction over such claims. *See Arango Marquez v. INS*, 346 F.3d 892, 896 (9th Cir. 2003);

*Hoang v. Comfort*, 282 F.3d 1247, 1254-55 (10th Cir. 2002), *cert. granted and judgment vacated on other grounds sub nom. by Weber v. Hoang*, 538 U.S. 1010 (2003).

*Zadvydas* directed that, in considering whether an alien's continued detention after issuance of a final order of removal is permissible, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." 533 U.S. at 699. Given the focus on effectuation of removal, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable." *Id.* By the same token, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future," and the onus is on the alien to "provide[] good reason to believe that there is no [such] likelihood" before "the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Petitioner's unsuccessful effort to challenge his deportation through habeas here obviously provides no reason to discount the likelihood of his impending removal. *See, e.g., Wang v. Ashcroft*, 320 F.3d 130, 146 (2d Cir. 2003) ("Because we have declined . . . to grant [petitioner's] habeas petition . . . [his] removal is not merely reasonably foreseeable, it is imminent [and] . . . continued detention does not violate his right to due process of law.").

The only relevant argument advanced by petitioner on appeal is that his detention should not be sanctioned under *Zadvydas*, because it is based on a deportation order that, he insists, is invalid and will ultimately be overturned in conjunction with his effort to reopen his administrative proceeding, now under review in the Ninth Circuit. Thus, his sole challenge to detention depends on the outcome of his petition for review, which only the Ninth Circuit has jurisdiction to resolve. If the Ninth Circuit grants relief, he may return to the district court for reconsideration of his detention in light of that new circumstance. *Cf. Arevalo v. Ashcroft*, 344 F.3d 1, 15 (1st Cir. 2003). But for now, his detention is clearly neither indefinite nor potentially permanent like the detention held improper in *Zadvydas*; it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point, and, thus, is more akin to detention during the administrative review process, which was upheld in *Demore v. Kim*, 538 U.S. 510, 527-29, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."). Of course, we can only presume that the Ninth Circuit's decision on the petition for review will be forthcoming in due course; at this point we have no occasion to express any opinion on whether subsequent delay in that court might warrant remedial action under *Zadvydas*.

We therefore affirm the denial of habeas relief with respect to petitioner's current detention. We recognize, however, that there are pertinent contingencies, involving a sister circuit's timely consideration and disposition of a petition for review, that are beyond our control. We therefore emphasize that "[b]ecause circumstances may ultimately change in [petitioner's] situation, we affirm the dismissal [of his habeas petition] without prejudicing [his] ability to file a new § 2241 petition in the future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

Finally, we should say something about the nature–and consequences–of the briefing in this case. Petitioner's brief makes several passing comments that show no concern for whether the issues they may touch upon were preserved in the district court, were subsequently sufficiently developed in the brief to permit informed appellate review, or indeed are even within the scope of judicial review at all.[5] Our reason for pointing this out is not to criticize counsel; the intersection of immigration and habeas corpus marks an evolving and challenging area of the law and the briefing from both sides informed our review in this case. We do, however, want to make it clear that "[w]e have considered all of petitioner's

---

[5] One example specifically noted by the Government is petitioner's reference to the BIA's failure to reopen his deportation proceedings sua sponte. The BIA's discretion to extend such relief is not subject to judicial review. *See Belay-Gebru v. INS*, 327 F.3d 998, 1000-01 (10  th Cir. 2003).

contentions and, whether explicitly addressed or implicitly rejected, each has been found [for substantive, procedural, and/or jurisdictional reasons] to lack merit." *Washington v. DOT*, 84 F.3d 1222, 1225 (10th Cir. 1996).

The judgment of the district court is AFFIRMED. Petitioner's motions to supplement the appendix, with materials that we have reviewed and concluded do not affect our disposition of this appeal, are DENIED as moot.