**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ARMANDO MAYA MORENO,

Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General,

Respondent.

No. 06-9520
(No. A74-563-028)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN** and **BRORBY**, Circuit Judges, and **BROWN**,[**] District Judge.

Following a decision by the Bureau of Immigration Appeals (BIA) deeming

his appeal of a removal order withdrawn by his departure from the United States,

petitioner sought review of the removal order in this court. The Attorney General

---

[*]   After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]   The Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation.

raises several interrelated procedural and jurisdictional objections to the petition for review. We agree that we lack jurisdiction and dismiss the petition.

## PROCEDURAL BACKGROUND

A firm grasp of the relevant procedural facts is essential. On June 9, 2005, petitioner, a lawful permanent resident, was ordered removed by an Immigration Judge (IJ) under 8 U.S.C. § 1227(a)(2)(A)(iii) (providing for removal of alien convicted of aggravated felony). Admin. R. at 133, 136. Petitioner's initial attempt to appeal was ineffectual. On July 13, 2005, the BIA sent a letter to petitioner's counsel informing him that his appeal had been rejected because the notice of appeal had not been signed and the filing fee (or request for waiver of the fee) had not been included. *Id.* at 79-80; *see* 8 C.F.R. § 1003.3(a)(1) ("An appeal is not properly filed unless it is received at the [BIA], along with all required documents, fees or fee waiver requests . . . within the [thirty days] specified in [8 C.F.R. § 1003.38(b)]."). A second notice of appeal was submitted on July 20, 2005, by petitioner's counsel, who asked the BIA to accept the appeal by certification. Admin. R. at 77-78; *see Mahamat v. Gonzales*, 430 F.3d 1281, 1284 (10th Cir. 2005) (explaining discretionary certification procedure for late appeals, and noting BIA's ruling thereon is not subject to judicial review).

In the meantime, however, the government had executed the IJ's order and removed petitioner to Mexico. As the deadline for appeal to the BIA (July 11, 2005) had passed and petitioner had not perfected an appeal, the government did

-2-

not violate the automatic stay of removal applicable "during the time allowed for the filing of an appeal" or "while an appeal is pending." 8 C.F.R. § 1003.6(a). The BIA evidently was not informed of the removal.

On August 16, 2005, the BIA issued an order that acknowledged petitioner had not filed a timely appeal and denied his request for an appeal by certification. Admin. R. at 75. That order reflected the BIA's understanding that petitioner had not only filed his second notice of appeal beyond the July 11, 2005 deadline but had filed his initial, ineffective notice late as well. Under the circumstances, the BIA "d[id] not find . . . adequate reason to accept this appeal by certification" and dismissed the matter. *Id.* Shortly thereafter, petitioner submitted certified-mail documentation confirming that his initial notice of appeal had in fact reached the BIA on time, and asked the BIA to reconsider its dismissal order. *Id.* at 68-72. The BIA granted the motion and reinstated petitioner's appeal. *Id.* at 55.

The government promptly sought reconsideration of the BIA's decision, arguing that petitioner's removal in July 2005, which had not been brought to the BIA's attention, categorically precluded both his motion for reconsideration, pursuant to 8 C.F.R. § 1003.2(d) (providing that motion for reconsideration cannot be made after departure of alien), and, more fundamentally, his continued pursuit of an appeal, pursuant to 8 C.F.R. § 1003.4 (providing that appeal is deemed withdrawn if alien departs prior to disposition). Admin. R. at 32-35. The BIA agreed that petitioner's departure resulted in the withdrawal of his appeal,

and held that "the initial decision of the Immigration Judge is accordingly final to the same extent as though no appeal had been taken." *Id*. at 2. Petitioner then filed the instant petition for review.

## JURISDICTIONAL DEFICIENCIES

### A. Failure to Exhaust due to Withdrawn BIA Appeal

"Neglecting to take an appeal to the BIA constitutes a failure to exhaust administrative remedies as to any issue that could have been raised, negating the jurisdiction necessary for subsequent judicial review." *Soberanes v. Comfort*, 388 F.3d 1305, 1308-09 (10th Cir. 2004); *see* 8 U.S.C. § 1252(d)(1). The government argues that the withdrawal of petitioner's appeal to the BIA under § 1003.4 left his administrative remedies unexhausted and, consequently, deprived this court of jurisdiction over his petition for review. We agree, though the analysis is a bit more complicated than this summary argument suggests.

Because an alien appealing a removal order is protected from execution of the order by the automatic stay in § 1003.6(a) noted above, cases holding appeals withdrawn under § 1003.4 typically involve instances where aliens voluntarily left the country. *See, e.g.*, *Aguilera-Ruiz v. Ashcroft*, 348 F.3d 835, 836 (9th Cir. 2003); *Mejia-Ruiz v. INS*, 51 F.3d 358, 359 (2d Cir. 1995); *Aleman-Fiero v. INS*, 481 F.2d 601, 602 (5th Cir. 1973). Nothing in the language of § 1003.4 restricts its operation to such departures, however, as the Fifth Circuit recently explained in upholding a BIA decision applying the rule to an alien whose departure from

the country had not been voluntary. *See Long v. Gonzales*, 420 F.3d 516, 518-20 (5th Cir. 2005) (refusing to read voluntary departure fortuitously present in cases cited above as necessary condition for application of § 1003.4, which would have engrafted onto the rule "an [involuntary-departure] exception that it neither expressly nor implicitly provides"). In light of the deference we owe the BIA's construction of its own regulation, *see id.* at 519, we agree with the Fifth Circuit that the mere fact that the alien's departure may be characterized as involuntary does not preclude application of § 1003.4.

That said, an involuntary departure *by removal* raises a potential complication not present in *Long* (where the government was not responsible for the alien's involuntary departure): if an alien were removed in violation of the automatic stay in § 1003.6(a), would it still be proper to apply § 1003.4 literally and deem the alien's appeal withdrawn, affording the government the benefit of one regulation based on its violation of another? We do not have to resolve this question here, however, as the government did not violate § 1003.6(a) when it removed petitioner. The automatic stay continues beyond the time for filing an appeal only when an appeal is in fact perfected. While, as the BIA eventually recognized, petitioner's initial attempt to appeal was not untimely, it was fatally deficient and without effect, i.e., "as though no appeal had been taken." 8 C.F.R. § 1003.38(d). Thus, when petitioner was removed on July 19, 2005, the conditions necessary to trigger the stay under § 1003.6(a) were not present.

Accordingly, the BIA deemed petitioner's appeal withdrawn through the proper operation of § 1003.4. As a result, his present challenge to the underlying removal order has not been exhausted and his petition for review of that order does not properly invoke our jurisdiction. We recognize that this conclusion rests on various regulatory provisions whose interaction and application have not been thoroughly developed in the particular removal context presented here. Thus, we shall also address the government's other jurisdictional objection, which provides a second, alternative rationale for dismissal of the petition.

**B. Jurisdictional Bar to Review of Order Removing Criminal Alien**

The government argues that even if exhaustion principles did not bar our review of the removal order in this case, we would still lack jurisdiction under 8 U.S.C. § 1252(a)(2) to review the order because of its subject matter. Under § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense" of the sort for which petitioner was convicted. This prohibition is now qualified by § 1252(a)(2)(D), however, which provides that "[n]othing in [§ 1252(a)(2)(C)] which limits or eliminates judicial review shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." As explained in *Vargas v. Department of Homeland Security*, 451 F.3d 1105, 1107 (10th Cir. 2006), the combined effect of these interactive provisions grants us jurisdiction

over orders removing criminal aliens but only insofar as the petition for review raises constitutional or legal challenges to the removal order.

We must, therefore, look to the petition for review filed by petitioner to determine whether it raises any objection that qualifies as a constitutional or legal challenge to the removal order. Looking solely at the conclusion of the petition, it might appear that it does: "The Tenth Circuit Court should declare the removal order unconstitutional, and remand the case to the [BIA] for further action on the case." Aplt. Opening Br. at 8. The specific grounds asserted in support of that conclusion, however, do not bring the matter within our jurisdiction.

The substance of petitioner's position is that his conviction should be vacated on the grounds that he pled guilty without proper legal advisement (in particular, with respect to immigration consequences) to an offense that he had not actually committed. *See id.* at 7-8. But, as we have recognized on several occasions, "[a] 'petitioner cannot collaterally attack the legitimacy of his state criminal convictions in the deportation proceedings.'"[1] *Vargas*, 451 F.3d at 1107 (quoting *Trench v. INS*, 783 F.2d 181, 183 (10th Cir. 1986)); *Abiodun v.*

---

[1]    A petitioner can, of course, show that his conviction has already been vacated, which if done on the merits rather than for rehabilitation or alleviation of hardship, can be the basis for a successful challenge to removal. *See Cruz-Garza v. Ashcroft*, 396 F.3d 1125, 1128-29 (10th Cir. 2005). Indeed, petitioner's conviction has been vacated, but, as he concedes, not "for the reasons necessary to provide the relief requested by [him]," i.e., not on the merits of his challenges to his plea. Aplt. Opening Br., Attached Statement at 2-3. Rather, the conviction was dismissed on rehabilitation grounds, because he had "successfully completed the terms of [his] deferred judgment and sentence." Admin. R. at 22.

*Gonzales*, 461 F.3d 1210, 1217 (10th Cir. 2006) (same). Thus, "[w]hether the[] contentions [raised in the petition] have merit or not, *we cannot address them. They are beyond the scope of these proceedings*." *Vargas*, 451 F.3d at 1107 (emphasis added). Since the only constitutional/legal objections asserted in the petition do not attack the removal order per se but, rather, raise collateral issues that are, for established reasons, categorically beyond the scope of our review, we lack jurisdiction over the proceeding.

The petition for review is DISMISSED.

Entered for the Court

Wade Brorby
Circuit Judge