FILED
United States Court of Appeals
Tenth Circuit

July 3, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JORGE SIFUENTES-FELIX,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 13-9546
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **PORFILIO** and **O'BRIEN**, Circuit Judges.

Jorge Sifuentes-Felix, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's

(IJ) order of removal.  We dismiss the petition for lack of jurisdiction.

Mr. Sifuentes-Felix unlawfully entered the United States in June 1985.  In

December 2009, he pleaded guilty to engaging in unlawful sexual contact--being a

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

peeping tom--in violation of former Colo. Rev. Stat. § 18-3-404(1.7).[1]  A year later,

the Department of Homeland Security (DHS) began removal proceedings by issuing

a notice to appear.  After conceding he was subject to removal because he had not

been admitted or paroled into the United States, Mr. Sifuentes-Felix applied for

cancellation of removal, *see* 8 U.S.C. § 1229b(b)(1), or, alternatively, voluntary

departure, *id*. § 1229c(b).  At an initial hearing, the IJ informed him that it was his

burden to prove that nothing impeded the granting of such discretionary relief.

The DHS moved to pretermit the application for cancellation of removal,

alleging that Mr. Sifuentes-Felix was ineligible because his conviction was

categorically a crime involving moral turpitude (CIMT).  Also, the DHS asserted that

he had not met his burden to provide documentation that he was not convicted of a

CIMT.

The IJ granted the motion to pretermit Mr. Sifuentes-Felix's application for

cancellation of removal.  *See id*. §§ 1182(a)(2)(A) (denying admissibility to alien

who commits CIMT); 1229b(b)(1)(C) (permitting cancellation of removal if, among

other things, alien has not been convicted of CIMT).  Also, the IJ denied voluntary

departure because his conviction precluded him from showing that he was of good

moral character for the preceding five years.  *See id*. § 1229c(b)(1)(B).

---

[1]     At the time of his conviction, the statute provided in relevant part that:  "Any person who knowingly observes . . . another person's intimate parts without that person's consent, in a situation where the person observed has a reasonable expectation of privacy, for the purpose of the observer's own sexual gratification, commits unlawful sexual contact."  Colo. Rev. Stat. § 18-3-404(1.7)(a).

- 2 -

Mr. Sifuentes-Felix appealed, seeking remand and asserting that the IJ should have applied the modified categorical approach and looked at his conviction record when deciding if he had been convicted of a CIMT. He did not challenge the IJ's determination that he bore the burden to prove his conviction did not impede his eligibility for cancellation of removal. Nor did he challenge the determination that his lack of good moral character precluded voluntary departure.

The BIA dismissed the appeal, holding that Mr. Sifuentes-Felix had not shown that his conviction was not categorically a conviction for a CIMT because he did not "adequately point[] to his own case or other cases in which the Colorado courts in fact did apply the 'Peeping Tom' statute to reach non-morally turpitudinous behavior." Admin R. at 5. Recognizing that Mr. Sifuentes-Felix bore the burden to establish his eligibility for relief from removal, *see* 8 U.S.C. § 1229a(c)(4)(A)(i); 8 C.F.R. § 1240.8(d), the BIA noted that he did not dispute the IJ's determination that he bore the burden of showing that his conviction was not a conviction for a CIMT. *See* Admin. R. at 4 n.2 ("On appeal, [Mr. Sifuentes-Felix] does not dispute the premise of the [IJ's] decision: absent a showing that [his] 'Peeping Tom' conviction is not a conviction for a [CIMT], he is unable to establish eligibility for relief."); *id*. at 5 ("As [Mr. Sifuentes-Felix] does not dispute that, absent a showing that his conviction under this statute does not categorically constitute a conviction for a [CIMT], he is unable to establish eligibility for relief from removal . . . ."). Thus,

the BIA affirmed the IJ's denial of relief from removal.  This petition for review followed.

"Because a single member of the BIA decided [Mr. Sifuentes-Felix's] appeal and issued a brief opinion, we review the BIA's decision as the final agency determination and limit our review to issues specifically addressed therein."  *Kechkar v. Gonzales*, 500 F.3d 1080, 1083 (10th Cir. 2007) (internal quotation marks omitted).  We review jurisdictional questions de novo.  *Huerta v. Gonzales*, 443 F.3d 753, 755 (10th Cir. 2006).

Mr. Sifuentes-Felix argues that *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), which concerned removability, overruled the holding in *Garcia v. Holder*, 584 F.3d 1288, 1290 (10th Cir. 2009), that an alien bears the burden to prove that a conviction is not a CIMT.  He maintains that under *Moncrieffe*, the burden of proof is irrelevant because the question whether a conviction bars relief is a legal question, so he need not establish the categorization for his crime.  Further, he notes that it is often impossible for an alien to prove categorization.  Additionally, Mr. Sifuentes-Felix contends that there was no conclusive proof that his conviction disqualified him from relief because the agency never considered the criminal documents.  Lastly, Mr. Sifuentes-Felix argues that even under the categorical approach, his conviction was not a CIMT, because the BIA incorrectly applied the generic-definition test set out in *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007), and did not compare

the Colorado statute to the generic federal statute for video voyeurism, 18 U.S.C. § 1801(a).[2]

The government, however, counters that all of Mr. Sifuentes-Felix's challenges are unexhausted, and therefore this court lacks jurisdiction to consider them.

It is settled that "we only retain jurisdiction over claims challenging a final order of removal 'if the alien has exhausted all administrative remedies available . . . as of right.'" *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1017 (10th Cir. 2007) (quoting 8 U.S.C. § 1252(d)(1)). Thus, we have jurisdiction only over claims raised and exhausted before the BIA. *See id.* If an issue could have been raised before the BIA, but was not, there is a failure to exhaust administrative remedies. *Soberanes v. Comfort*, 388 F.3d 1305, 1308-09 (10th Cir. 2004). The alien must present the same specific legal theory to the BIA before he may assert it in a petition for review. *See Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237, 1238 (10th Cir. 2010).

The record is clear that Mr. Sifuentes-Felix failed to exhaust his administrative remedies. He never raised his burden-of-proof claim before the BIA, despite being informed by the IJ that he bore the burden of proving his eligibility for relief from removal. Also, as stated above, the BIA expressly noted that he did not challenge the

---

[2] Section 1801(a) provides that: "Whoever . . . has the intent to capture an image of a private area of an individual without their consent, and knowingly does so under circumstances in which the individual has a reasonable expectation of privacy, shall be fined under this title or imprisoned not more than one year, or both."

IJ's premise that the burden of proof rested with him. Nor did Mr. Sifuentes-Felix contest before the agency that his crime did not fit within the generic-definition test of *Duenas-Alvarez*. Thus, "[j]udicial review does not extend to points [he] could have made before the [BIA] but did not." *Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991).

In his reply brief, Mr. Sifuentes-Felix argues that he is raising constitutional claims, which are an exception to the exhaustion requirement. *See Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008) (declining to "require[] exhaustion of 'constitutional challenges to the immigration laws, because the BIA has no jurisdiction to review such claims'" (quoting *Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999) (per curiam)). Assuming he raises constitutional claims--presumably involving a denial of due process--the exception to the exhaustion requirement does not extend to "administratively correctable procedural defect[s]" that are later framed as constitutional claims, such as due process. *Vicente-Elias*, 532 F.3d at 1094-95 (distinguishing between procedural due process and "substantive constitutional claim for relief independent of the statutory provisions the BIA is authorized to enforce"). Consequently, Mr. Sifuentes-Felix cannot now for the first time raise burden-of-proof or *Duenas-Alvarez* claims that he could have raised in a motion to reopen before the BIA. *See Akinwunmi*, 194 F.3d at 1341 (recognizing BIA has authority to reopen cases to fix due-process errors).

Mr. Sifuentes-Felix did file with the BIA a motion to reopen, alleging only ineffective assistance of counsel during administrative proceedings.[3] *See Soberanes*, 388 F.3d at 1309 (noting that complaints about counsel should be raised in motion to reopen). He argues in his reply brief that he should not be punished for his incompetent counsel's performance during administrative proceedings. But he did not file a petition for review from the BIA's denial of the motion to reopen, and it is too late for him to do so now. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004) (recognizing BIA's ruling on motion to reopen is separate, reviewable order); *see also* 8 U.S.C. § 1252(b)(1) (establishing thirty-day time period for filing petition for review). Thus, any complaints he has about his prior counsel's performance are not properly before us.

In conclusion, because Mr. Sifuentes-Felix failed to exhaust his administrative remedies with respect to any of the claims he raises in his petition for review, we lack jurisdiction to consider them. Accordingly, we dismiss the petition for review.

Entered for the Court

Mary Beck Briscoe
Chief Judge

---

[3] Although *Moncrieffe* was filed shortly after the BIA dismissed his appeal, Mr. Sifuentes-Felix did not include an argument in his motion to reopen based on *Moncrieffe*. *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007) (stating unexhausted claims "should have been brought before the BIA in the first instance through a motion to reconsider or reopen").