**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BENAD ABIODUN,

Petitioner,

v.

ALBERTO R. GONZALES,
United States Attorney General,

Respondent.

No. 06-9527
(No. A 073 764 249)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **McKAY**, and **BRORBY**, Circuit Judges.

---

This pro se petition for review, initiated in the district court as a petition

for habeas relief and later transferred here pursuant to the Real ID Act of 2005,

challenges "the denial of [Petitioner's] statutory right to naturalization, [and] his

continued detention and deportation order." Pet. Br. at 2. As explained below,

we dismiss the petition.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND[1]

Petitioner Benad Abiodun is a native and citizen of Nigeria. Administrative Record (A.R.) at 16. In 1996, he entered this country and became a lawful permanent resident after marrying a United States citizen. *Id.* at 45, 72, 145. In January 2001, Mr. Abiodun applied for naturalization, and in August 2001, he underwent examination. *Id.* at 195.

But in May 2002, while his application was still pending, Mr. Abiodun was convicted in Colorado state court of, among other things, two counts of distributing a controlled substance, and was sentenced to four years in prison. *Id.* at 18, 313-14. The former Immigration and Naturalization Service (INS) [2] soon began removal proceedings against him, citing the aggravated-felony provisions of the Immigration and Nationality Act.[3] *Id.* at 397.

---

[1]     An exhaustive background of this case can be found in this court's prior published opinion resolving Mr. Abiodun's initial petition for review. *See Abiodun v. Gonzales*, 461 F.3d 1210, 1212-14 (10th Cir. 2006). We set forth here only those background facts necessary to resolve the instant petition.

[2]     As a result of the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, 2205 (2002), the INS has ceased to exist as an agency within the Department of Justice, and its enforcement functions have been transferred to the Department of Homeland Security.

[3]     *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); *id.* § 1101(a)(43)(B) (defining "aggravated felony" to include "illicit trafficking in a controlled substance").

In October 2004, the Bureau of Citizenship and Immigration Services (BCIS) denied Mr. Abiodun's naturalization application, concluding that because of his convictions, he lacked good moral character. *Id.* at 293-94. Mr. Abiodun was paroled from prison approximately two months later and was taken into custody by immigration authorities. *Id.* at 165, 280, 381. In March 2005, Mr. Abiodun filed a habeas petition in federal district court, seeking release from custody and reversal of the decision denying naturalization.

In May 2005, following several hearings, an Immigration Judge found Mr. Abiodun deportable as an aggravated felon, and ordered him removed to Nigeria. *Id.* at 208-09. The Board of Immigration Appeals (BIA) subsequently dismissed his appeal from that order. *Id.* at 2. Mr. Abiodun then petitioned this court for review, *Abiodun v. Gonzales*, No. 05-9585 (filed Sept. 29, 2005), and later filed another petition in this court after the BIA declined to reopen his case and to reconsider the dismissal order, *Abiodun v. Gonzales*, No. 05-9603 (filed Dec. 22, 2005). After consolidating the petitions, this court affirmed the BIA's decisions in a published opinion, *Abiodun v. Gonzales*, 461 F.3d 1210 (10th Cir. 2006).

In March 2006, the district court (1) dismissed Mr. Abiodun's habeas petition to the extent he challenged the denial of his naturalization application; and (2) transferred to this court the remainder of the petition, which, according to the district court, had become a challenge to the removal order. *Abiodun v.*

*Maurer*, No. 05-cv-352-WDM-PAC, at 3-4 (Order of Mar. 2, 2006). We treated the transferred habeas petition as a petition for review of the removal order. *See Schmitt v. Maurer*, 451 F.3d 1092, 1095 (10th Cir. 2006) (citing Real ID Act § 106(c)). Mr. Abiodun did not file in the district court a notice of appeal regarding the dismissed portion of his habeas petition, and instead, on March 27, 2006, filed in this court a docketing statement, and on July 17, 2006, a "Brief on Habeas Action." In the brief, Mr. Abiodun lists two issues: (1) "[w]hether [he] is a national of the United States . . . but for the negligence of the immigration authorities," Pet. Br. at 4 (quotation omitted); and (2) whether the INS violated his constitutional rights by commencing removal proceedings immediately after his state-court conviction, *id.* at 13.

**DISCUSSION**

### I. Naturalization

Mr. Abiodun argues that if BCIS had acted promptly on his naturalization application, he would have been a naturalized United States citizen at the time of his state drug convictions and would not have become deportable. He also argues that the denial of naturalization is flawed because it was "based on a charge that was not sustained by the requisite evidence," Pet. Br. at 9, and "[t]he conviction did not occur within [his] statutory eligibility requirement period" and "is not considered final," *id.* at 9-10. We lack jurisdiction to consider these arguments. Consistent with section 106(c) of the Real ID Act, the district court transferred to

this court only removal issues. *See* Pub. L. 109-13, 119 Stat. 231, 311 (2005) (requiring the transfer to a circuit court of any portion of a habeas case "challenging a final administrative order of removal, deportation, or exclusion"). The district court retained jurisdiction over Mr. Abiodun's habeas challenge to his naturalization proceedings and dismissed that challenge. *See generally Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (considering a "mixed habeas petition" and observing that "the Real ID Act did not eliminate a district court's jurisdiction to review habeas petitions challenging an alien's detention"). Mr. Abiodun's failure to appeal the dismissal of his naturalization challenge precludes our review. *See* 28 U.S.C. § 2253(a) (providing for an appeal from a final judgment in a habeas case); *id.* § 2107(a) (stating that "no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is [timely] filed"); *cf. Abiodun*, 461 F.3d at 1217 (recognizing that "review of a decision denying naturalization is outside the scope of removal proceedings").[4]

_____

[4]     Even if one or more of Mr. Abiodun's filings in this court, such as his docketing statement, could be construed as the functional equivalent of a notice of appeal, *cf. Smith v. Barry*, 502 U.S. 244, 245 (1992) (holding that "a document intended to serve as an appellate brief may qualify as the notice of appeal"); *Ayala v. United States*, 980 F.2d 1342, 1344 (10th Cir. 1992) (holding that a docketing statement and an attachment sufficiently augmented a defective notice of appeal), we conclude that the district court properly dismissed Mr. Abiodun's naturalization challenge for lack of jurisdiction. The challenge was expressly premised on 8 U.S.C. § 1447(b), which gives the district court jurisdiction only when there has been no action on a naturalization application within 120 days

(continued...)

-5-

Mr. Abiodun also argues that he is not removable because he became a United States national upon executing an oath-of-allegiance form during his naturalization examination. When reviewing a removal order, this court ordinarily has jurisdiction to consider whether the petitioner is a national of this country. *See* 8 U.S.C. § 1252(b)(5). But Mr. Abiodun's oath argument was presented and rejected during this court's first review of the removal order. *See Abiodun*, 461 F.3d at 1215-16. We are statutorily barred from reviewing a removal order if "another court has . . . decided the validity of the order." 8 U.S.C. § 1252(d)(2). The only exceptions are if "the petition presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order." *Id.* Neither exception applies here to permit a second review of Mr. Abiodun's removal order.

## II. Commencement of Removal Proceedings

Mr. Abiodun next argues that his constitutional rights were violated by immigration authorities "lodging a detainer against him immediately after the jury conviction on April 24, 2002, when he had not waived his appeal as of right."

---

[4](...continued)
after examination. Mr. Abiodun filed his habeas challenge *after* BCIS acted on his application by denying it. The proper statute for judicial review following such a denial is 8 U.S.C. § 1421(c). But the district court could not have taken jurisdiction under that statute because Mr. Abiodun failed to exhaust his administrative remedy of appealing the denial to an immigration officer. *See id*; 8 C.F.R. § 336.9(d).

Pet. Br. at 16. Because this argument was presented and rejected during this court's first review of the removal order, *see Abiodun*, 461 F.3d at 1217, we cannot consider it again, 8 U.S.C. § 1252(d)(2).

Mr. Abiodun also argues that the "removal order [is] based on [a] charge that was not sustained by the requisite evidence." Pet. Br. at 19. But that argument too was raised and resolved during our prior review, *see Abiodun*, 461 F.3d at 1217, and cannot be addressed again, 8 U.S.C. § 1252(d)(2).

Mr. Abiodun further argues that "EOIR authorities[5]" (1) "fail[ed] to notify him of his right to contact consular or diplomatic officials of his native former country for assistance," Pet. Br. at 22; (2) "fail[ed] to determine his citizenship but proceeded to take evidence," *id.* at 19; (3) "fail[ed] to protect the petitioner's right to counsel under 8 C.F.R. § 292, but proceeded to take evidence," *id.* at 20; (4) "coerc[ed] his answers concerning citizenship, nationality and conviction and thus incriminated him," *id.*; and (5) failed to "giv[e] petitioner a reasonable opportunity to examine the evidence against him," *id.* at 20-21. None of these arguments were raised in Mr. Abiodun's initial petition for review. Nevertheless,

---

[5]     Mr. Abiodun is apparently referring to the Executive Office for Immigration Review, which is the governmental entity that encompasses immigration judges and the BIA. *See Rubio-Rubio v. INS*, 23 F.3d 273, 274 n.1 (10th Cir. 1994).

because they could have been raised initially, they are barred now.  *See* 8 U.S.C. § 1252(d)(2).[6]

Finally, Mr. Abiodun states that he has been transferred to a "new location" which "lacks adequate legal, writing and printing materials to assist the petitioner to effectively represent himself," and that immigration authorities failed to forward Respondent's docketing statement to the new location.  Pet. Br. at 23. Mr. Abiodun fails to satisfy the actual injury component of constitutional standing to bring this claim.

Although due process applies in removal proceedings, *Ferry*, 457 F.3d at 1128, and due process requires that prisoners have at their disposal adequate legal tools, *see Bounds v. Smith*, 430 U.S. 817, 828 (1977), Mr. Abiodun does not indicate how, or even if, the purportedly inadequate materials or the non-forwarded docketing statement impacted this proceeding.  Consequently, without deciding the parameters of a removable prisoner's due process right to adequate legal materials, we simply conclude that Mr. Abiodun has failed to demonstrate any actual injury that "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

---

[6]     Moreover, it appears that items four and five were not exhausted through the BIA.  *See* 8 U.S.C. § 1252(d)(1) (providing that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"); *Galvez Pineda v. Gonzales*, 427 F.3d 833, 837 (10th Cir. 2005) (observing that a "[f]ailure to exhaust administrative remedies by not first presenting a claim to the BIA deprives this court of jurisdiction to hear it").

The petition for review is DISMISSED.[7]

Entered for the Court


Jerome A. Holmes
Circuit Judge

---

[7] Mr. Abiodun's motions to strike Respondent's brief and to transfer this proceeding to the district court are denied. Mr. Abiodun's motions for emergency injunctive relief, and to amend the caption, are denied as moot. Mr. Abiodun's motions to supplement his docketing statement, and to supplement his brief are granted; we have considered the arguments contained therein. Similarly, we grant Mr. Abiodun's motion to amend information. Respondent's motions "to deny Petitioner's Attachment" and supplementation of the docketing statement are denied. Respondent's motion for judicial notice of the record in Mr. Abiodun's prior removal proceeding is granted.