United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30899
Summary Calendar

ALBERT ADEFEMI,

Petitioner-Appellant,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL; MICHAEL CHERTOFF,
SECRETARY, DEPARTMENT OF HOMELAND SECURITY; WILLIAM M. CLEARY,
Immigration Customs Enforcement Field Director; MARTIN HERRON,
Chief of Buffalo Federal Detention Facility; BUREAU OF
IMMIGRATION AND CUSTOMS ENFORCEMENT, New York/Atlanta Districts;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:05-CV-1861
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Albert Adefemi, immigration detainee # A90 358 688, appeals
following the district court's dismissal of his 28 U.S.C. § 2241
petition, wherein he challenged his continued detention beyond the
presumptively reasonable six-month period following a final order
of removal. He also moves for the appointment of counsel. With
the benefit of liberal construction, he argues that his continued

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

detention is unlawful under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), that there is no reasonable likelihood of his removal in the foreseeable future, and that the district court erroneously denied his request for injunctive relief.

The Supreme Court held in <u>Zadvydas</u>, 533 U.S. at 701, that it is presumptively constitutional for an alien to be detained for six months after a final order of removal. The Court created no specific limits on detention, however, because "'an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'" <u>Id.</u> An alien must provide good reason to believe that there is no significant likelihood of removal, and the Government must then respond with evidence sufficient to rebut that showing. <u>Id.</u>

Adefemi has remained in custody following the final judicial review of his removal order on September 28, 2004. <u>See</u> <u>Adefemi v. Ashcroft</u>, 386 F.3d 1022, 1024 (11th Cir. 2004)(en banc). The Government presented evidence that Adefemi's removal was imminent in January 2006 when it obtained travel documents from the Nigerian government. It was unable to remove Adefemi, however, because Adefemi had moved to reopen his immigration proceedings, and the Bureau of Immigration Appeals had granted his request to stay the removal. The Government presented evidence that travel documents would be reissued upon completion of the immigration proceedings.

Based on the current appellate record, Adefemi has failed to

show good reason to believe that there is no likelihood of his removal.  See Zadvydas, 533 U.S. at 701; cf. Demore v. Kim, 538 U.S. 510, 531 (2003).  We note that Adefemi's immigration proceedings, which have since been reopened, remain ongoing and that he has presented alleged new evidence along with his reply brief purporting to show that the Nigerian government will not issue travel documents for his repatriation.  This court does not receive new evidence, however, and we do not ordinarily review new arguments raised in a reply brief.  See Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 260 n.9 (5th Cir. 1995); United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989); Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 n.2 (5th Cir. 1984). Adefemi remains free to file a new § 2241 petition should he develop good reason to believe, in light of changed circumstances or new evidence, that his removal is not likely in the reasonably foreseeable future.  Adefemi's motion for the appointment of counsel is denied.

AFFIRMED.  MOTION DENIED.