**FILED**
                                                        **United States Court of Appeals**
                                                                 **Tenth Circuit**

**UNITED STATES COURT OF APPEALS**
                                                            **December 4, 2007**

**TENTH CIRCUIT**
                                                          **Elisabeth A. Shumaker**
                                                              **Clerk of Court**

BENAD ABIODUN,

        Petitioner-Appellant,                    No. 07-1184

    v.                                                (D. of Colo.)

DOUGLAS MAURER,                                 (D.C. No. 05-cv-2305-WDM-PAC)
DEPARTMENT OF HOMELAND
SECURITY, BUREAU OF
IMMIGRATION AND CUSTOMS
ENFORCEMENT, JOHN SUTHERS,
Attorney General of the State of
Colorado,

        Respondents-Appellees.

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Benad Abiodun is currently on parole under the supervision of the Colorado

Department of Corrections.  He seeks a certificate of appealability (COA) to

challenge the district court's denial of habeas corpus relief to him under 28

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

U.S.C. § 2254. The district court denied all of Abiodun's constitutional claims. Proceeding pro se,[1] Abiodun now seeks a COA from this court on four of the grounds raised below.

We conclude Abiodun is not entitled to relief under § 2254 and therefore DENY his petition.

## I. Background

Benad Abiodun is in both state and federal custody. The Colorado Department of Corrections supervises his parole for a state drug conviction, while the Bureau of Immigration and Customs Enforcement (ICE) has detained him in federal jail for an immigration violation. Abiodun's drug conviction in Colorado state court made him a removable alien under federal law. Thus, when Abiodun was paroled from Colorado state prison, ICE officials placed him in an immigration jail to await the conclusion of removal proceedings against him. Those proceedings determined that Abiodun should be removed by virtue of his conviction for an aggravated felony.

*A. Factual and Procedural History*

Abiodun, an alien from Nigeria, has lived in the United States since the 1990s. His trouble with the law began in 2001. In June of that year, Abiodun sold cocaine to undercover agents on two separate occasions. He was

---

[1] Because Abiodun proceeds pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

subsequently charged and convicted of two counts of possession and two counts of distribution of a controlled substance. *See People v. Abiodun*, 111 P.3d 462, 464 (Colo. 2005). He was sentenced to four concurrent four-year terms of imprisonment, as well as five-years mandatory parole. *Id.* On appeal, the Colorado Court of Appeals determined the offenses of possession and distribution merged under Colorado state law. The court therefore vacated Abiodun's two convictions for possession, while simultaneously affirming his two convictions for distribution. *Id.* The Colorado Supreme Court affirmed the court of appeals's decision in 2005. *Id.*

Upon learning of Abiodun's drug conviction, ICE officials began removal proceedings against him. As an alien convicted of an aggravated felony, he was removable from the United States under 8 U.S.C. § 1227(a). *See Abiodun v. Gonzales*, 461 F.3d 1210, 1215 (10th Cir. 2006). Abiodun's parole from Colorado state prison began on December 30, 2004. *Id.* at 1212. Federal immigration authorities immediately took him into custody. *Id.* Five months later, an immigration judge ordered Abiodun removed from the United States to his homeland of Nigeria. *Id.* at 1214. The Board of Immigration Appeals (BIA) affirmed the removal order. This court has twice reviewed the BIA's order, and twice affirmed it. *See id.* at 1218; *Abiodun v. Gonzales*, 217 F. App'x 738, 742–43 (10th Cir. 2007).

B. *Abiodun's Claims under 28 U.S.C. § 2254*

-3-

Abiodun now seeks review of his state court conviction under 28 U.S.C. § 2254. He petitioned the federal district court for relief on eight grounds.[2] The district court, following a magistrate judge's recommendation, denied relief on every ground. *See Abiodun v. Maurer*, No. 05-2305, 2007 WL 987482 (D. Colo. Mar. 30, 2007) (slip copy). The district court also dismissed from the suit, as improperly pled defendants, the federal officials holding Abiodun at the ICE facility. *See id.* at *2. The Colorado attorney general is the only remaining defendant. On appeal to this court, Abiodun does not challenge the dismissal of the federal officials. He renews four of the claims brought before the district court.

## II. Discussion

Abiodun seeks a COA from this court on four grounds. First, he argues the Colorado Supreme Court's decision constituted an unreasonable application of double jeopardy principles to his case. Second, he asserts there was insufficient evidence to support his conviction. Third, he claims prosecutorial misconduct rose to the level of a constitutional violation. Fourth, he argues he was denied

---

[2] Abiodun's eight grounds for relief were: (1) insufficient evidence to support possession and distribution convictions; (2) convictions for possession and distribution violated the Double Jeopardy Clause; (3) prosecutorial misconduct violated the right to due process and a fair trial; (4) prosecutor's failure to disclose exculpatory evidence to the jury violated the Constitution; (5) conviction violated the Sixth Amendment's Confrontation Clause; (6) conviction was obtained without effective assistance of counsel; (7) conduct for which the petitioner was prosecuted was constitutionally protected; and (8) ICE officials violated procedural and substantive due process by issuing a detainer against him.

effective assistance of counsel at trial and on appeal. All of these claims were raised in Abiodun's state court proceedings, as well as before the district court.

To obtain a COA, Abiodun must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This standard is satisfied by demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

*A. Double Jeopardy*

The district court correctly concluded Abiodun's sentence did not violate the Fifth Amendment's Double Jeopardy Clause. The Colorado Supreme Court affirmed the court of appeals's decision to vacate the two counts of possession for which Abiodun had been convicted. *People v. Abiodun*, 111 P.3d 462, 467 (Colo. 2005). The high court agreed with the court of appeals that the acts of possessing and distributing a controlled substance merged into one offense under Colorado Revised Statutes § 18-18-405(1)(a) (2000). *Id.* However, because Abiodun had

admitted to two separate acts of distribution, the Colorado Supreme Court affirmed Abiodun's two convictions for distribution of a controlled substance. *Id.*

Abiodun now challenges the Colorado Supreme Court's decision to uphold his two convictions for distribution. It is undisputed, however, that Abiodun engaged in two separate transactions, each on different days and in different amounts. *Id.* at 464. Abiodun admitted this at trial. Because the Double Jeopardy Clause is not implicated when a defendant is convicted of two wholly separate offenses that occur days apart, Abiodun's claim fails. *See, e.g.*, *Blockburger v. United States*, 284 U.S. 299, 302 (1932) ("Each of several successive sales constitutes a distinct offense, however closely they may follow each other."). The Colorado Supreme Court's decision in no way violated Abiodun's constitutional rights; rather, the court upheld his rights under the Fifth Amendment and offered him all the relief to which he was entitled.

### B. *Sufficiency of the Evidence*

The district court correctly concluded there was sufficient evidence for the Colorado state courts to uphold Abiodun's second conviction for distribution. Abiodun claims the state failed to prove beyond a reasonable doubt that he sold at least one ounce of cocaine in the second transaction. Proof of an ounce is required for the mandatory minimum penalty Abiodun received. *See* Colo. Rev. Stat. § 18-18-405(3)(a)(I) (2000) (prescribing a sentence where the amount of

drugs "is or has been represented to be . . . [a]t least twenty-five grams or one ounce but less than four hundred fifty grams").

"[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The sole evidence on the amount of cocaine Abiodun distributed came from the testimony of one of the undercover agents. *People v. Abiodun*, 87 P.3d 164, 165 (Colo. Ct. App. 2003). The agent testified Abiodun confessed, after his arrest, he had just sold "about an ounce of crack cocaine." *Id.* The Colorado Court of Appeals and Colorado Supreme Court concluded the agent's testimony was sufficient to satisfy the burden of proof under the relevant statute. *Id.* at 166; *People v. Abiodun*, 111 P.3d 462, 471 (Colo. 2005). Thus, the state courts concluded a rational jury could have found the essential elements of the crime. Because state court interpretations of state law are binding on this court in habeas proceedings, *Parker v. Scott*, 394 F.3d 1302, 1319 (10th Cir. 2005), we cannot conclude there was insufficient evidence to support Abiodun's second conviction.

C. *Prosecutorial Misconduct*

The district court correctly rejected Abiodun's claim of prosecutorial misconduct rising to the level of a constitutional violation. The basis of Abiodun's argument was a single question posed by the prosecutor during his

cross-examination of Abiodun. The prosecutor asked Abiodun, "You are not a U.S. citizen, is that right?" *People v. Abiodun*, 87 P.3d 164, 167 (Colo. Ct. App. 2003). Defense counsel objected on grounds of relevance and the court sustained the objection. The prosecutor did not make any other similar remarks and did not refer to Abiodun's nationality in his closing statement.

To prevail on this claim, Abiodun must show the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). The Colorado Court of Appeals found that "the questioning was not prejudicial, flagrant, or glaringly or tremendously improper." *Abiodun*, 87 P.3d at 167. We agree and reject Abiodun's claim.[3]

*D. Ineffective Assistance of Counsel*

The district court correctly concluded Abiodun had not suffered a constitutional violation as a result of ineffective assistance of counsel. Abiodun argues his trial and appellate lawyers failed to make certain motions Abiodun thought favorable to his defense. Moreover, Abiodun asserts his trial counsel failed to sufficiently cross-examine the undercover agent, neglected to call Abiodun's wife as a witness, and failed to request appropriate jury instructions.

---

[3] Abiodun's citation to *United States v. Saccoccia*, 58 F.3d 754, 775–76 (1st Cir. 1995), offers him no support. In that case, the defendants pointed to four potentially prejudicial remarks made by the prosecutor about their Colombian nationality, yet the court found no prosecutorial misconduct.

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). To prevail, Abiodun must demonstrate his lawyers' performance fell below an objective standard of reasonableness and the deficiency prejudiced his defense. *Id.* at 687–88. Counsels' failure to raise an unmeritorious issue at trial or on appeal does not constitute constitutionally ineffective assistance of counsel. *Sperry v. McKune*, 445 F.3d 1268, 1274–75 (10th Cir. 2006).

After evaluating each of Abiodun's claims of ineffective assistance, the magistrate judge found his lawyers' decisions were reasonable and in no way prejudicial to Abiodun's defense. We have conducted a complete review of the state court record. For substantially the same reasons as set forth in the magistrate judge's report and recommendation, and adopted by the district court, we reject Abiodun's claims. *See Maurer*, 2007 WL 987482, at *3 ("I agree with [the] recommendation that Abiodun received effective assistance of counsel in the state court proceedings, notwithstanding his objections to the contrary, which are based on assumption and conjecture.").

## III.  Conclusion

For the reasons set forth above, we DENY Abiodun's petition for a COA

and DISMISS this appeal.  We also DENY his motion to proceed *in forma pauperis*.

<div style="margin-left:45%">

Entered for the Court


Timothy M. Tymkovich
Circuit Judge

</div>