FILED
United States Court of Appeals
Tenth Circuit

February 11, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BENAD ABIODUN,

        Plaintiff-Appellant,

    v.

MICHAEL MUKASEY,

        Defendant-Appellee.[*]

and

BENAD ABIODUN,

        Plaintiff-Appellant,

    v.

UNITED STATES OF AMERICA,

        Defendant-Appellee.

No. 07-1266

(D. of Colo.)

(D.C. No. 07-cv-278-MEH-PAC)


No. 07-1401

(D. of Colo.)

(D.C. No. 07-cv-1713-ZLW)

**ORDER AND JUDGMENT**[**]

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[***]

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), appellee requests that Michael Mukasey be substituted for Alberto R. Gonzales as the appellee in this case.

[**] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[***] After examining the briefs and the appellate record, this three-judge

(continued...)

Benad Abiodun raises several claims in connection with his detention by federal immigration officials. We consolidate cases 07-1266 and 07-1401 for the purposes of this disposition.

Proceeding pro se,[1] Abiodun appeals the denial of habeas corpus relief to him under 28 U.S.C. § 2241 (07-1266) and the dismissal of his claims under the Federal Tort Claims Act (FTCA) (07-1401). Abiodun filed a petition for habeas corpus on February 8, 2007. He has previously filed several direct appeals and petitions for habeas corpus challenging his immigration status. We conclude (1) Abiodun's first argument in 07-1266, pertaining to his petition for naturalization, has already been decided against him at least twice and thereby constitutes an abuse of the writ; (2) the remainder of Abiodun's appeal in 07-1266, pertaining to his alleged indefinite detention, merits no relief at this time; and (3) Abiodun is not entitled to damages under the FTCA.

Accordingly, we AFFIRM the district court's orders and dismiss the consolidated appeals.

---

[***](...continued)
panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Abiodun proceeds pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.  Background

The facts giving rise to Abiodun's present situation have previously been recounted in some detail.  *See, e.g.*, *Abiodun v. Maurer*, No. 07-1184, 2007 WL 4244360 (10th Cir. Dec. 4, 2007); *Abiodun v. Gonzales*, 461 F.3d 1210 (10th Cir. 2006).  Thus, we recite only those facts necessary for the present appeals.

Abiodun is currently in both state and federal custody.  The Colorado Department of Corrections supervises his parole for a state drug conviction, while the Bureau of Immigration and Customs Enforcement (ICE) has detained him in federal jail while he awaits final removal from the country.  Abiodun has been in federal custody since his parole from Colorado state prison on December 30, 2004.

Abiodun has repeatedly challenged his status as a removable alien and the manner in which federal immigration officials reviewed his petition for naturalization.  He made two arguments in his habeas corpus petition to the district court, which he reiterates on appeal: (1) immigration officials did not fairly adjudicate his petition for naturalization; and (2) immigration officials are holding him in indefinite detention.  Abiodun also seeks damages under the FTCA for allegedly wrongful actions of immigration officials.

## II.  Discussion

### A.  *Petition for Naturalization*

Abiodun first alleges immigration officials did not fairly adjudicate his petition for naturalization.  This issue has already been raised and decided against Abiodun at least twice.  *See Abiodun v. Gonzales*, 217 F. App'x 738, 741 (10th Cir. 2007) ("The district court retained jurisdiction over Mr. Abiodun's habeas challenge to his naturalization proceedings and dismissed that challenge."); *see also Abiodun v. Gonzales*, 461 F.3d 1210, 1216 (10th Cir. 2006); *Abiodun v. Maurer*, No. 05-352, 2006 WL 559244, at *2 (D. Colo. Mar. 3, 2006).  We deem it an abuse of the writ for Abiodun to raise the identical claim a third time and therefore refuse to review the issue.  *See* 28 U.S.C. § 2244(a); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (recognizing AEDPA left intact principles enunciated by the federal courts concerning an "abuse of the writ").

To the extent Abiodun relies on his naturalization argument to challenge the final order of removal against him, we note that the removal issue has already been determined adversely to him.  *See Abiodun*, 217 F. App'x at 741–42.  We therefore have no jurisdiction to review it here.  8 U.S.C. § 1252(d)(2) ("A court may review a final order of removal only if another court has not decided the validity of the order . . . .").

*B. Indefinite Detention*

Abiodun next asserts federal immigration officials are holding him in indefinite detention in violation of 8 U.S.C. § 1231(a)(6). Abiodun has been in federal custody for more than three years, awaiting final deportation to his homeland of Nigeria. Because Abiodun has not previously raised this argument in habeas proceedings, it is properly reviewable here. *See, e.g.*, *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).

The Supreme Court has construed 8 U.S.C. § 1231(a)(6) in a manner that prohibits the indefinite detention of aliens awaiting deportation. The Court has explained an alien's detention pending removal should not exceed "a period reasonably necessary to secure removal" and that detention must end if "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 699, 701 (2001). Detention lasting six months or less is presumptively reasonable; detention lasting beyond six months requires the government to rebut the alien's showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701.

We conclude Abiodun is not entitled to relief on his indefinite detention claim because he will likely be removed in the reasonably foreseeable future. Unlike the aliens in *Zadvydas*—who faced indefinite detention because their countries of origin would not accept them—there has been no showing Abiodun will not be accepted by his homeland of Nigeria. ICE officials have attempted to

obtain travel documents and place Abiodun on a chartered flight to Nigeria on multiple occasions, including as recently as August 14, 2007. The main reason Abiodun still remains in the United States is his repeated court challenges to removal and refusal to cooperate with ICE officials in obtaining a Nigerian passport and other necessary travel documents. For example, on April 30, 2007, Abiodun refused to accept or acknowledge ICE Form I-229(a), which is required by ICE officials to assist in removing an unlawful alien. On December 24, 2005 and February 1, 2006, moreover, Abiodun refused to complete an application for a Nigerian passport.

Although Abiodun has been detained for longer than six months, that fact standing alone does not mean he must now be released. *See Zadvydas*, 533 U.S. at 701 ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months."); *see also Soberanes*, 388 F.3d at 1311 (upholding continued detention of deportable alien after more than two years of confinement); *Adefemi v. Gonzales*, 228 F. App'x 415, 416 (5th Cir. 2007) (per curiam) (same).

Abiodun's detention—at this time—simply does not raise the specter of indefinite detention. ICE officials are actively seeking Abiodun's removal and there is no indication they will not succeed. We are troubled by the inability of ICE officials to secure his removal in a timely manner, even given Abiodun's

-6-

repeated court filings and failure to cooperate. We suspect, however, those impediments will be removed given the disposition of these consolidated appeals.

### C. Federal Tort Claims Act

Abiodun also appeals the denial of his claim for damages under the FTCA, 28 U.S.C. §§ 2671–80. He asserts immigration officials committed negligent and intentional torts against him during the course of his naturalization and removal proceedings. We agree with the district court this claim lacks merit.

Abiodun attempts to recover tort damages for the same reasons he claims immigrations officials did not fairly adjudicate his petition for naturalization. Allowing Abiodun to recover in tort for the conduct of immigration officials who handled his case would necessarily call into question the validity of those actions. Because we have already upheld those administrative actions, however, Abiodun's claim under the FTCA cannot succeed. *Cf. Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed . . . expunged . . . declared invalid . . . or called into question . . . ."); *Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995) ("We conclude the FTCA, like § 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." (internal marks omitted)).

In any event, Abiodun has not developed a coherent legal argument in support of his claim to this court; nor has he served the government with one. Abiodun has used every tool possible to remain in the United States, and this lawsuit is yet another example.

### III. Conclusion

For the reasons set forth above, we AFFIRM the district court's decisions. We also DENY Abiodun's motions to proceed *in forma pauperis*, as well as his motion for a preliminary injunction in case 07-1401.[2]

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[2] Abiodun, as an ICE detainee, is not a "prisoner" within the scope of the Prisoner Litigation Reform Act (PLRA). *See LaFontant v. INS*, 135 F.3d 158, 165 (D.C. Cir. 1998); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). Therefore, the fee requirements and three-strikes provisions of the PLRA do not apply to this appeal.